IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
U.S. CLERK. FLORENCE, SC
2013 MAY -3   AM 11: 58

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:11-2255 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| JAMMY MILLER ) | |

## FINAL ORDER OF FORFEITURE
## AS TO JAMMY MILLER

This matter is before the court upon the United States' motion for a final order of forfeiture as to Jammy Miller ("Defendant", "Miller"), who was convicted of one count of operating an illegal gambling business. A Preliminary Order of Forfeiture ("POF") as to Miller was filed on September 20, 2012. The record in this case establishes the following:

1.     On October 25, 2011, a federal grand jury in this district returned an Indictment in which the Defendant, Jammy Miller, was charged with operating an illegal gambling business, in violation of 18 U.S.C. 1955(a).

2.     The Indictment provided that upon Miller's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1955(d) and 28 U.S.C. § 2461(c).

3.     On February 15, 2012, Miller entered a guilty plea to the operation of an illegal gambling business, in violation of 18 U.S.C. § 1955.

4.     On September 20, 2012, the POF was entered forfeiting various properties associated with the illegal gambling business. The POF directed the United States to publish notice of the court's Order, and of the intent of the United States to dispose of the property in accordance with law. The POF also provided that following publication, and upon adjudication of all third-party interests in the said property, the court would enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

5.     Beginning on October 2, 2012, and running at least 18 hours per day through October 31, 2012, as required by Rule G(4)(a)(iv)(c) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Action, the United States published notice of the forfeiture on the government website "www.forfeiture.gov", a website of general circulation within the United States and the State of South Carolina, notifying any person, other than the Defendant in this case, claiming interest in the forfeited property that they must file a Petition within sixty (60) days of the notice for a hearing to adjudicate the validity of any alleged legal interest in the property seized.

6.     Among the various properties listed in the POF was the following:

> $146,679 in U.S. Currency
> Seized from: The safe in the master bedroom in Jammy Miller's residence
> Asset ID #: 12-USS-000012

ECF No. 127, p. 2, ¶ 2.d (hereafter, the "Subject Currency"). After the POF was entered, the United States also sent direct notice of the proposed forfeiture to all known potential claimants. In response, three individuals (collectively, "Claimants") filed ancillary petitions asserting ownership of portions of the Subject Currency, in the following amounts, respectively:

- Wanda Tadlock: approximately $8,500 (ECF No. 139);

- Viola Tadlock: approximately $16,000 (ECF No.140); and,
- Carol Miller: approximately $6,000 (ECF No.141).

The United States and the Claimants have reached a settlement related to these ancillary petitions, which are set forth in the "Stipulated Forfeiture Agreement" filed April 16, 2013 (ECF No. 145). The terms of such agreement are as follows:

- Wanda Tadlock and Carol Miller agree to the dismissal of their ancillary petitions with prejudice, and agree that they will not assert any claim of ownership to any of the Subject Currency, or to any other property referenced in the POF, now or in the future.

- The United States agrees that upon entry of a Final Order of Forfeiture, $16,000 of the Subject Currency will be returned to Viola Tadlock by electronic funds transfer payment from the United States to the "Law Office of Sherri Lydon, Trust Account." Viola Tadlock is aware that any such return payment is subject to 31 U.S.C. § 3716 (the "Debt Collection Improvement Act of 1996"). Viola Tadlock agrees that, with the exception of the $16,000 referenced above, she will not assert any claim of ownership to any of the remaining portion of the Subject Currency (($130,679), or to any other property referenced in the POF, now or in the future.

- Claimants consent to the entry of a Final Order of Forfeiture forfeiting the remaining balance of the Subject Currency, to wit, $130,679, to the United States, to be disposed of according to law.

The terms of the Stipulated Forfeiture Agreement are hereby incorporated into this Final Order of Forfeiture.

10. The United States has received no other claims or petitions as to the property described below, and the time to file such claims and petitions has passed as provided for by the provisions of 21 U.S.C. § 853(n); therefore, all claims to such property are forever foreclosed and barred.

11. The court has previously determined the Government has established the requisite nexus between the said property and the offense for which the Defendant has

been convicted; therefore, the said property shall be forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).

NOW THEREFORE, upon motion of the United States and for good cause shown, it is hereby ORDERED, ADJUDGED and DECREED:

1. The ancillary petitions of Wanda Tadlock (ECF No. 139) and Carol Miller (ECF No.141) are dismissed with prejudice. Of the $146,679 in Subject Currency previously referenced, $16,000 is to be returned to Viola Tadlock by electronic funds transfer payment from the United States to the "Law Office of Sherri Lydon, Trust Account", subject to the 31 U.S.C. § 3716.

2. All right, title and interest in and to the following property, is hereby forfeited to the United States of America:

Cash/E-Trade Accounts:

a. $51,194.81 in U.S. currency
Seized from: (E-Trade Account)
Account. #: 636-19010 in Jammy Miller's name
Asset ID #: 12-USS-000009

b. $11,780 in U.S. currency
Seized from: The computer table in Jammy Miller's residence
Asset ID #: 12-USS-000010

c. $7,600 in U.S. currency
Seized from: The file cabinet in Jammy Miller's residence
Asset ID #: 12-USS-000011

d. $130,679 in U.S. currency[1]
Seized from: The safe in the master bedroom in Jammy Miller's residence
Asset ID #: 12-USS-000012

---

[1] Originally $146,679 (less $16,000 to be returned to claimant Viola Tadlock ).

    e.    $4,020 in U.S. currency
Seized from: Jammy Miller
Asset ID #: 12-USS-000439

    f.    $164.00 in U.S. currency
Seized from: Jammy Miller's truck
Asset ID #: 12-USS-000440

Vehicles:

1. 1999 Chevy Silverado Truck
1GCEC14T3XZ104723
SC Tag: DFW988
Registered to: Jammy Miller
Asset ID #: 12-USS-000018

2. 2000 Dodge Ram Truck
3B7H13Z0YG162428
SC Tag: FRS31
Registered to: Jammy Miller
Asset ID #: 12-USS-000019

3. 2001 Chevy Corvette
1G1YY22G115130965
SC Tag: BLP237
Registered to: Jammy Miller
Asset ID #: 12-USS-000020

4. 2005 BMW LI 745
WBAGN63535DS58066
SC Tag: DFW989
Registered to: Jammy Miller
Asset ID #: 12-USS-000021

Personal Property:

1. HP Pavilion Tower, S/N MXX7230H6P
Seized from: Jammy Miller's residence
Asset ID #: 12-USS-000022

2. HP Laptop, S/N CNC94424NC
Seized from: Jammy Miller's residence
Asset ID #: 12-USS-000438

    3.    Pursuant to 21 U.S.C. § 853(n)(7), clear title in and to the above-described property is vested in the United States of America, its successors and assigns, and no

other right, title or interests exists therein. All claims to the above-described property are forever foreclosed and barred and the said property shall be disposed of by the United States Secret Service ("USS") in accordance with law.

4.     The United States Secret Service and/or their designees are hereby requested to seize the above-described property as directed by the United States Attorney's Office, to be held by the United States Secret Service in its secure custody and control pending the disposal of the property.

5.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

6.     The Clerk, U.S. District Court for the District of South Carolina, shall provide one certified copy of this Order to the United States Attorney's Office Asset Forfeiture Unit for service on interested third parties and for other purposes.

IT IS SO ORDERED.

_____
TERRY L. WOOTEN
CHIEF UNITED STATES DISTRICT JUDGE

May
April _1_, 2013
Florence, South Carolina